STATE OF DELAWARE, Plaintiff, v. OSCAR STREETER, Defendant.

(*February* 23, 1960.)

TERRY, P. J., sitting.

*Oliver V. Suddard* for the defendant.

*Murray M. Schwartz,* Deputy Attorney-General, for the State.

Superior Court for New Castle County, No. 382, Cr. A., 1959.

TERRY, P. J.:

The facts, insofar as applicable to the issue before me, are very simple. The Grand Jury by indictment, has charged the defendant, a male adult person, with two counts of pimping, a felony as defined under Section 736(a) of Title 11 of the Delaware Code. Under the first count, the female person, known to the defendant as a prostitute, and for whom he pimped, was, at the time of the commission of the alleged offense, but sixteen years of age, and at the time of the filing of the indictment was but seventeen years of age.

The defendant has filed a motion to dismiss the first count on the ground that this Court does not have jurisdiction over the offense set forth therein.

The defendant predicates his motion upon the theory that Section 951(4) of Title 10 of the Delaware Code as amended by Chapter 265, Volume 50, *Laws of Delaware,* vests the exclusive

original jurisdiction over the offense in the Family Court for New Castle County—

"§ 951. Exclusive Jurisdiction

"The Family Court shall have exclusive original jurisdiction in all proceedings in New Castle County

*     *     *     *     *     *

"(4) For the prosecution and punishment of persons charged with ill treatment, abuse, abandonment or neglect of children, or with contributing to a child's delinquency, or with any other common law or statutory offense against a child, *or in which a child is used in the commission of a crime, with or without the child's consent,* except felonies against children. (Emphasis added)."

The defendant concludes that since the female person referred to in the first count of indictment was a child as defined in Section 901 of Title 10 of the Delaware Code; and since she was allegedly used by the defendant in the commission of the crime of pimping, that this Court does not have jurisdiction, for the reason that the exclusive original jurisdiction is vested in the Family Court.

The section above referred to, on its face, would appear to be amenable to no other conclusions than that urged by the defendant, and if this were so, we could but yield to its literal expression.

However, there exists an ambiguity in the section when it is considered in the light of various constitutional provisions, as well as when the overall scope and meaning of the Family Court Act, Section 901 *et seq.* of Title 10 of the Delaware Code as amended by Chapter 265, *Laws of Delaware,* is considered, *See* 50 *Am. Jur.—Statutes,* Sections 225, 226.

To remove this inherent ambiguity we must first refer to the applicable provisions of this State's constitution of 1897

as amended. Needless to say, the Legislature is presumed not to have violated the constitution and in any construction of a statute the supremacy of the constitution must be preserved. 50 *Am. Jur.*—Statute, Section 226; *In re Cypress Farms Ditch*, 7 *W. W. Harr.* 71, 180 *A.* 536.

Section 7 of Article I of our Bill of Rights, *Del. C. Ann.*, provides that those accused of a crime have a right to trial by jury. It also is provided under Section 8 thereof that no one shall be proceeded against by information for any criminal offense which is properly indictable.

However, we find that the Family Court is only authorized to proceed by information and that there shall be no indictment or trial by jury. Section 978, Title 10, Delaware Code. This appears to be, and is an exception to the provisions in the Bill of Rights, above noted. This exception comes about by virtue of the provisions of Section 7 of Article 15 of the constitution, which provides that matters coming within Section 28, Article 4 of the constitution shall be excepted from the above noted guarantees.

The Family Court is an inferior Court and was created by the Legislature under the authority provided by Section 28, Article 4 of the constitution. See *Brooks v. Taylor*, 1 *Storey* 583, 1959, 154 *A.* 2d 386. As such an inferior court it can have no more jurisdiction than that expressly granted by the authority under which it is created. The provisions of Section 28, Article 4, are therefore of primary significance and are as follows:

"The General Assembly may by law give to any inferior courts by it established or to be established, or to one or more justices of the peace, jurisdiction of the criminal matters following, that is to say—assaults and batteries, carrying concealed a deadly weapon, disturbing meetings held for the purpose of religious worship, nuisances, and such other misdemeanors as the General Assembly may from time to time, with the concur-

rence of two-thirds of all the Members elected to each House prescribe.

"The General Assembly may by law regulate this jurisdiction, and provide that the proceedings shall be with or without indictment by grand jury, or trial by petit jury, and may grant or deny the privilege of appeal to the Superior Court; provided, however, that there shall be an appeal to the Superior Court in all cases in which the sentence shall be imprisonment exceeding one (1) month or a fine exceeding One Hundred Dollars ($100.00)."

From a careful analysis of Section 28, it seems quite clear that the members of Constitution Convention never intended to grant to the Legislature a power to confer upon inferior courts created pursuant to Section 28 any jurisdiction over crimes of a felonious nature. The Section expressly enumerates certain misdemeanors and gives authority to the Legislature to confer jurisdiction over other misdemeanors, (see *Donaghy v. State*, 6 *Boyce* 467, 100 *A*. 696), but never once refers to felony nor can such reference be logically inferred.

The defendant in his reply brief sets forth a quotation from the case of *Brooks v. Taylor*, 154 *A*. 2d 386, 391, *Supra*, wherein our Supreme Court states:

"to summarize: the charge of an offense against a juvenile is a 'criminal matter' within the meaning of Sec. 28; but the limitation of jurisdiction in that section based upon the distinction between the felony and misdemeanors is inapplicable".

Predicated upon the foregoing quotation, the defendant argues that he must be tried in the Family Court, if he is to be tried at all, for the crime of pimping, a felony. However, after a careful reading of the *Brooks* case, it becomes quite obvious that the defendant reads entirely too much into the court's language.

The Court in the *Brooks* case was solely concerned with a juvenile defendant who had been charged with the crime of rape, a felony. The Court never once considered subsection 4 of Section 951 of the Family Court Act which is the provision upon which the defendant grounds his present motion. The Court held that the distinction between a felony and a misdemeanor related to the severity of the punishment and the civil disabilities following conviction since, however, conviction and punishment forms no part of the discipline imposed upon the juvenile in the Family Court, the distinction in Section 28 of the constitution *vis-a-vis* misdemeanor and felony, becomes meaningless insofar as a trial of such offenses is concerned. To this same concept the Court also said at page 390 of its opinion:

"The limitation of jurisdiction in this (Section 28 of the Constitution) is obviously designed to deny to the inferior court, which acts without a jury, the power to deal with the more serious offenses entailing severe punishment."

*Brooks v. Taylor* is clearly distinguishable. However, the Court did construe Section 28 of Article 4 of the Constitution in such a way as to illustrate that its intent was to limit the jurisdiction of inferior courts created thereunder from trying cases wherein more serious offenses were involved which would entail severe punishment. A felony is, of course, such a serious offense as referred to by the Court.

When read in its entirety, the act creating the Family Court leads to the same conclusion. The Legislature's intent is clearly pointed out. The Court was established "to secure for each child covered by its provisions, such care, guidance and control, preferably in his own home, as will serve the child's welfare and the best interest of the State; * * * and to give original and exclusive jurisdiction to one Court in which matters pertaining to a family may be adjudicated." Section 902 (a) Title 10, *Delaware Code.*

In Section 951, wherein the Court's jurisdiction is explicitly set forth, the offenses specifically alluded to are all misdemeanors. The Legislature meant in creating the Family Court for New Castle County to restrict its jurisdiction within the confines of Section 28 of Article 4 of the Constitution, as indeed, it was bound to do.

The Family Court is one of limited jurisdiction, established to protect the interest of children, and insofar as it has jurisdiction over adults, its jurisdiction is limited solely to those crimes committed by adults that fall within the category of misdemeanors and then only to those misdemeanors particularly covered by Section 951 of Title 10 of the *Delaware Code*. The Legislature never intended it to be otherwise; and, indeed, it could not have accomplished a contra-result even if it had so desired, for such a result would have been clearly unconstitutional.

In analyzing the scope of the Family Court Act, as set forth in Section 901 *et seq., Title* 10, *Delaware Code* as amended with particular reference to Section 951 (4), the word "crime" must be read to mean "misdemeanor" insofar as it might be used in connection with the prosecution of an adult. The Family Court does not and cannot have jurisdiction over the defendant in the present case for the crime for which he is charged is a felony, the jurisdiction over which is vested exclusively in this Court.

The defendant's motion to dismiss Count One of the indictment is denied.

An Order will be entered upon motion.